RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
ALEXANDRIA, LOUISIANA
DATE 12/1/10
BY ala

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| DAVID W. TAYLOR<br>FED. REG. #13549-074 | DOCKET NO. 10-CV-1444; SEC. P |
| VERSUS | JUDGE DEE D. DRELL |
| WARDEN | MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION

Pro se Petitioner David W. Taylor filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 on September 15, 2010. His motion for leave to proceed in forma pauperis was granted on October 20, 2010. Petitioner is an inmate in the custody of the Federal Bureau of Prisons (BOP) incarcerated at the United States Penitentiary in Pollock, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

*Factual Background*

Petitioner claims that he was forced him to pay assessment fees and restitution according to a schedule set by the BOP without judicial authority and in violation of the Fair Debt Collection Procedure Act. He claims that only the courts can establish a schedule of payments for restitution. He further claims that the sentencing court did not consider the factors of 18 U.S.C. §3664 in ordering restitution. Finally, he claims that the restitution order of $5,000 in his 1993 criminal case expired five years from

the date of imposition pursuant to 18 U.S.C. §3579(f). Thus, he argues that all money taken after 1998 and applied to the 1993 restitution order was in violation of the constitution of the United States.

1. **Conviction 1 - Eastern District of Tennessee 1:93-cr-51**

A review of Petitioner's criminal court records on PACER (Public Access to Court Electronic Records), reveals that on August 11, 1993, a judgment of conviction of bank robbery was entered against Petitioner in Criminal Docket #1:93-cr-51 in the Eastern District of Tennessee at Chattanooga. Petitioner was sentenced to 46 months of imprisonment and three years of supervised release. He was also ordered to pay restitution in the amount of **$5,000.00**. Petitioner commenced his three year term of supervised release on September 5, 1996. On September 16, 1998, the Court entered a judgment of revocation of supervised release because Taylor had committed numerous violations of the conditions of release. Taylor was sentenced to 11 months of imprisonment and ordered to pay restitution on the outstanding balance owed of **$4,047**. [See Doc. #32, Docket No. 1:02-cr-009, Eastern District of Tennessee]

2. **Conviction 2 - Eastern District of Tennessee 1:02-cr-009**

Also according to PACER, Petitioner plead guilty on February 25, 2002 to three new counts of bank robbery. [Eastern District of Tennessee #1:02-cr-009] Petitioner was sentenced to 96 months in prison, three years of supervised release, **$3,571** in restitution,

and a special assessment of **$300**. U.S. v. Taylor, 60 Fed.Appx. 566 (6th Cir. 2003). In February 2005, Petitioner made a pro se motion to modify or dismiss restitution. The motion was denied. [See Doc. #32, Docket No. 1:02-cr-009, Eastern District of Tennessee]

3.   **Conviction 3 - Eastern District of Tennessee 1:09-cr-013**

In 2009, Petitioner was again indicted on one count of bank robbery. He plead guilty and was sentenced to 188 months of imprisonment, three years of supervised release, **$3,780.00** in restitution, and a special assessment of **$100**. Petitioner's motions to modify the schedule of restitution payments were denied.

4.   **Administrative Grievance at Pollock**

Petitioner filed an administrative grievance claiming that he should be reimbursed for all the money he has paid toward the $5,000 fine after five years from the date of imposition. The warden at USP-Pollock confirmed with the U.S. Attorney's Office that **the restitution from the 1993 case had been paid in full in 2007**. [Doc. #1, p.7] All payments made since that date have been applied to the restitution owed in case number 1:02-cr-009. As of February 17, 2010, there was a balance left of $2,858.04 on the 2002 restitution order. [Doc. #1, p.7] Once that balance is paid in full, Petitioner will still have to pay the restitution of $3,780.00 in the 2009 criminal case: 1:09-cr-013.

*Law and Analysis*

Petitioner alleges that the BOP was without judicial authority to establish a schedule for payments of restitution. He further claims that the sentencing court set the amount of restitution too high based on his inability to pay. Finally, he claims that the restitution order of $5,000 in his 1993 criminal case expired five years from the date of imposition pursuant to 18 U.S.C. §3579(f).

**Authority of BOP**

Petitioner asserts the Bureau of Prisons has no constitutional or statutory authority to collect fines or establish the amount and timing of fine payments. However, it is well-settled that the Bureau has authority to establish a payment schedule for an inmate ordered to pay restitution. See Pierson v. Morris, 2007 WL 2021553 (E.D.Tex. 2007)(citing Durham v. Hood, 140 Fed. Appx. 783, 785 (10th Cir. 2005); see also, Bloch v. Lake, 183 Fed.Appx. 471 (5th Cir. 2006). The sentencing court set the amount of restitution, not the BOP. See Schmidt v. U.S. Dept. of Justice, 2002 WL 495356 (5th Cir. 2002)(Because Schmidt's judgment set the amount of restitution only and not the method of payment, there has been no unconstitutional delegation of judicial authority.)(citing McGhee v. Clark, 166 F.3d 884, 886 (7th Cir. 1999); Montano-Figueroa v. Crabtree, 162 F.3d 548, 550 (9th Cir. 1998), cert. denied, 526 U.S. 1091 (1999).)

**Challenge to Amount of Restitution Ordered**

Petitioner complains about the amount of restitution ordered by the sentencing judge in light of Petitioner's inability to pay. A collateral attack on a federal criminal conviction is generally limited to a motion to correct, vacate or set aside a sentence under 28 U.S.C. § 2255. Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000). An application for writ of habeas corpus brought under 28 U.S.C. §2241 is properly construed as a section 2255 motion if it seeks relief based on errors that occurred at trial or sentencing. Id. at 877-88. Habeas relief may be appropriate when the remedy provided under section 2255 is inadequate or ineffective. Jeffers v. Chandler, 253 F.3d 827, 830-31 (5th Cir. 2001), cert. denied, 534 U.S. 1001 (2001). A petitioner must satisfy two factors to show inadequacy. First the claim must be "based on a retroactively applicable Supreme Court decision which establishes that petitioner may have been convicted of a nonexistent offense." Id. at 830, quoting Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001). Second, the claim must have been "foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." Id. Petitioner has not presented any such claims. Moreover, in United States v. Hatten, 167 F.3d 884 (5th Cir. 1999), the Fifth Circuit determined that a district court lacks jurisdiction to modify a restitution order under 28 U.S.C. § 2255,

a writ of coram nobis, or "any other federal law." Id. at 886-87 & n. 6. Instead, "restitution ... is a sentencing issue that should be raised on direct appeal." Id. at 887 n. 5; see also United States v. Medlin, 54 Fed.Appx. 592 (5th Cir. 2002).

This court lacks jurisdiction to consider any claim collaterally attacking the legality or amount of Petitioner's restitution order.

### Expiration of Restitution Order

Finally, Petitioner claims that the restitution order of $5,000 in his 1993 criminal case expired five years from the date of imposition pursuant to 18 U.S.C. §3579(f).

Petitioner is not the first to make this argument. In U.S. v. Brown, 2007 WL 2461673 (N.D.Ill. 2007), the petitioner, citing 18 U.S.C. § 3579(f)(2) (1986), contended that any collection of restitution had to occur within the five-year period specified in that statute. Brown, like Petitioner herein, misread the statute. It does not place a time limit on collecting restitution; it only places a limit on the length of any court-ordered payment plan. United States v. House, 808 P.2d 508, 511 (7th Cir. 1986); United States v. Ridgeway, 489 732, 735-36 (5th Cir. 2007) (applying same provision recodified as 18 U.S.C. § 3663(f)); United States v. Rostoff, 164 F.3d 63, 66 (1st Cir. 1999)(same). Failure to make payments in accordance with any schedule specified by the court makes the payments overdue, not unenforceable or uncollectible.

Rostoff, 164 F.3d at 66.

Another provision of the pre-Guidelines version of the restitution statute appears to limit the time period for enforcing restitution judgments. That time period has not yet expired. Section 3579(h) provided that an order of restitution may be enforced in the manner set forth in 18 U.S.C. § 3565 (1936) for the collection of fines and penalties. Section 3565(h) provided that the obligation to pay a fine or penalty expires **20 years** after the entry of judgment. Assuming this provision applied to Petitioenr's restitution, the 20-year period would not expire until 2013.

Section 3613(b) currently provides that liability to pay terminates the later of 20 years from the entry of judgment or 20 years after the person is released from imprisonment. Courts have consistently held that §3613(b) is applicable to restitution orders. See, e.g., Ridgeway, 489 F.3d at 736-37; United States v. Dubose, 146 F.3d 1141, 1144 (9th Cir.), cert. denied, 525 U.S. 975 (1993); United States v. Berardini, 112 F.3d 60S, 611 (2d Cir. 1997); Elwood v. Sanders, 2007 WL 1579990 *4 (E.D.Ark. May 31, 2007). It is unnecessary to determine whether § 3565(h) (1986) (through § 3579(h)); § 3613(b)(1) (1988) (through § 3663(h)); a later version of § 3613(b) (through § 3664(m)(1)(A)(i)); or some other version of the restitution statute applies to Petitioner. Under any of the three cited statutes, the time for collecting restitution has not yet expired or had not yet expired in 2007 when

the $5,000 in question had been paid in full.

Therefore,

**IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus be **DENIED and DISMISSED WITH PREJUDICE.**

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglas v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).**

Thus done and signed at Alexandria, Louisiana, this 30th day of November, 2010.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE